# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-40087-JAR |
| ) | |
| ROBERT LOVGREN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the court upon Defendant Robert Lovgren's Motion to Reconsider Detention Order (ECF No. 19). For the following reasons, Defendant's Motion is hereby denied.

**I.  Background**

The indictment in this case alleges one count of conspiracy to distribute methamphetamine pursuant to 21 U.S.C. § 846 and three counts of using a communication facility to facilitate a drug crime pursuant to 21 U.S.C. § 843(b). A detention hearing was held on July 9, 2013, in which the undersigned Magistrate Judge ordered Defendant detained pending trial. In the Detention Order (ECF No. 7), the court found by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required (i.e. Defendant poses a serious flight risk). In addition, the court found by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community if Defendant were to be released.

On September 20, 2013, Defendant filed the present Motion, asking this court to reconsider its Detention Order. Defendant argues that the pretrial services report, relied upon by the court when determining detention, incorrectly stated his probation status at the time he

allegedly committed the offenses contained in the indictment. Defendant now asserts that his probation was terminated sixty days after his January 15, 2013 probation revocation hearing held in Pottawatomie County, Kansas. Defendant argues that this date is well before the alleged offenses asserted in this matter. The United States objects and argues, in part, that Defendant knew of this information at the time of the detention hearing, assuming that it is even true.

**II.    Discussion**

Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Here, Defendant does not file this as a motion to reopen, but rather as a motion for reconsideration of the Detention Order.[1] As explained by United States District Judge Julie A. Robinson,

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.[2]

---

[1] *United States v. Becker*, No. 09-40008-01-JAR, 2010 WL 1424360, at *2 (D. Kan. Apr. 5, 2010) (quoting *United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006)).

[2] *Id.*

Defendant asserts that the court's reliance upon an incorrect pretrial services report regarding his probation status warrants reconsideration of its Detention Order. The court disagrees. The information regarding Defendant's probation status was known by Defendant at the time of his detention hearing and is not a new development. In his Motion to Reconsider, Defendant provides documentation that he was "unsuccessfully discharged" from probation by an order signed and filed on June 5, 2013.[3] At the very least, Defendant's probation status required compliance through mid-March 2013. The charges in this case are alleged to have commenced less than one month thereafter. Further, Defendant does not establish any intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice which would merit reconsideration.

Even if the court reconsidered its Detention Order, Defendant would still not be granted pretrial release after taking into consideration the factors for pretrial release found in 18 U.S.C. § 3142(g). The court still finds that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of any other person in the community regardless of whether Defendant was on probation at the time of his alleged offenses. For these reasons, Defendant's Motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Robert Lovgren's Motion to Reconsider Detention Order (ECF No. 19) is hereby denied.

---

[3] *See* Def.'s Ex. B, Order Terminating Probation, ECF No. 19.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
